IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MIKE SETTLE, | ) | |
| Plaintiff, | ) ) | NO. 3:20-cv-00511 |
| v. | ) ) | JUDGE RICHARDSON |
| LYNNDY BYRGE, et al., | ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

Before the Court is a pro se complaint under 42 U.S.C. § 1983 (Doc. No. 1) filed by Plaintiff Mike Settle, an inmate at the Morgan County Correctional Complex (MCCX) in Wartburg, Tennessee. Plaintiff did not pay the civil filing fee but filed an application for leave to proceed *in forma pauperis* (IFP), i.e., without prepaying fees and costs. (Doc. No. 2.)

However, a prisoner may not file a civil action IFP in district court if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has previously filed at least three actions in federal court which were dismissed as frivolous or for failure to state a claim. *See Cole v. Corr. Corp. of Am.*, No. 1:10-cv-1303 (W.D. Tenn. Sept. 1, 2011) (case dismissed as frivolous or for failure to state a claim with notation that the dismissal was Plaintiff's first strike under § 1915(g));[1]

---

[1] The Court takes judicial notice that the plaintiff "is also known as Michael Dewayne Settle, Michael Dewayne Cole and Michael Cole." *Settle v. U.S. Atty. Gen.*, No. 3:15-cv-00715, 2015 WL 4068278, at *1 n.1 (M.D. Tenn. July 2, 2015).

*Settle v. Tenn. Dep't of Corr.*, No. 3:11-cv-567 (E.D. Tenn. Apr. 18, 2012) (case dismissed as frivolous and for failure to state a claim); *Settle v. U.S. Post Office*, No. 2:14-cv-2559 (W.D. Tenn. Sept. 11, 2015) (case dismissed for failure to state a claim); *Settle v. Obama*, No. 3:15-cv-365 (E.D. Tenn. Nov. 17, 2015) (case dismissed for failure to state a claim, with notation that the dismissal is a strike under § 1915(g)); *see also Settle v. Hamby*, No. 3:18-cv-508 (E.D. Tenn. Jan. 9, 2019) (IFP status denied and case dismissed pursuant to the three-strikes rule); *see generally Settle v. U.S. Atty. Gen.*, 2015 WL 4068278, at *1 n.2 (M.D. Tenn. July 2, 2015) (noting that Mr. Settle had previously "filed approximately 40 actions in federal district courts in Tennessee and the Sixth Circuit" without paying significant filing fees or accruing his third strike, because he "characterize[ed] the majority of his actions as petitions for the writ of habeas corpus"). In light of these prior dismissals, Plaintiff is a "three-striker" who may proceed as a pauper in this action only if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To fall within the statutory exception to the "three-strikes" rule, the danger Plaintiff is facing must be a "real and proximate" threat of serious physical injury that existed at the time the complaint was filed. *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (citing, e.g., *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). Under this standard, Plaintiff must "allege[] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger" when he filed the complaint. *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks and citation omitted). In making this determination, the Court must construe the complaint liberally, as "the imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Id.* Still, Plaintiff's allegations "must not be irrational, incredible, or speculative, and must describe with sufficient detail why [he] is in imminent danger."

*Lapine v. Waino*, No. 17-1636, 2018 WL 6264565, at *2 (6th Cir. Oct. 11, 2018) (citing *Vandiver*, 727 F.3d at 585).

Plaintiff's sole claim is that the Tennessee Department of Correction (TDOC) and his medical providers at MCCX have violated his right to constitutionally adequate medical care by discontinuing his prescription for the anti-inflammatory Naproxen under a new TDOC policy of declining to prescribe medications that can be purchased at the prison commissary, despite the fact that Plaintiff has been prescribed Naproxen for ten years to treat his chronic lower back pain and cannot afford to buy it at the MCCX commissary. He specifically alleges that this failure to treat his back pain puts him in imminent danger, because "if not treated[,] [it] would result in serious physical injury." (Doc. No. 1 at 4.) Plaintiff further alleges that he was placed on suicide watch on May 19, 2020, and is in imminent danger of serious physical injury as a result of his depression from being in solitary confinement for 20 years. (*Id.* at 2.)

Although the Court is sympathetic to Plaintiff's frustration over the discontinuation of his chronic pain prescription, it is clear that his allegation of back pain controllable with Naproxen cannot justify a finding that he is in "imminent danger of serious physical injury" under Section 1915(g), particularly as he alleges only in conclusory fashion that more serious consequences are likely to occur in the absence of Naproxen. *See*, *e.g.*, *Boobyyaa v. Tucker*, No. 5:13CV77/RS/EMT, 2013 WL 1729528, at *3 (N.D. Fla. Mar. 29, 2013), *report and recommendation approved*, 2013 WL 1629187 (N.D. Fla. Apr. 16, 2013) (finding that inmate's lack of "medical treatment for his lower back pain is insufficient to show the type of emergency circumstances contemplated by . . . § 1915(g)," and noting that he "has not shown that his physical condition is likely to deteriorate rapidly, or that he otherwise faces serious health consequences if his complaint of inadequate treatment is not immediately addressed"). The Sixth Circuit has clarified that "[a] physical injury

3

is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm. Minor harms or fleeting discomfort don't count." *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019). In this case, the harms resulting from the deprivation of Naproxen simply do not rise to the level of severity required to trigger Section 1915(g)'s exception. *Cf. id.* (finding exception not met in case of inmate required to take antipsychotic medication that caused chest pains, muscular restlessness, seizures, vomiting, stomach cramps, and dizziness).

As to Plaintiff's allegation of imminent danger resulting from depression and his recent placement on suicide watch, the Court cannot find that he meets the exception to Section 1915(g) based on this one-sentence, conclusory allegation. *See id.* (citing with approval *Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017), where exception to 3-strikes law allowed based on allegations demonstrating "*heightened* risk of suicide or self-mutilation") (emphasis added)); *cf. Sanders*, *supra* (finding allegations sufficient where inmate alleged a tendency toward self-harm, fact that mental health staff allegedly "ignores the problems of inmates in solitary confinement unless they engage in self-harm," and that "a future attempt is 'imminent' unless he is released from solitary or allowed mental-health care"). Even if Plaintiff had alleged additional facts about his mental health condition, the allegation of physical danger resulting from that condition does not appear to be related to Plaintiff's claim for relief, as required. *See Lapine*, 2018 WL 6264565, at *2 (citing Second Circuit's rule that "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint," and finding that district court did not err in imposing a nexus requirement); *Shephard v. Clinton*, 27 F. App'x 524, 525 (6th Cir. 2001) (requiring 3-striker to "describe the relationship between the alleged danger and the claims contained in the underlying complaint").

4

The Court therefore finds that Section 1915(g) precludes the granting of pauper status in this case. Accordingly, Plaintiff's application for leave to proceed IFP (Doc. No. 2) is **DENIED**.

The Sixth Circuit Court of Appeals has made the following observation with respect to prisoners who fall within the scope of Section 1915(g):

> A prisoner who has filed prior civil actions should be aware of the disposition of those actions and the possible application of § 1915(g) to any new actions he wishes to pursue. By choosing to file a new action, he invokes the jurisdiction of the federal court and avails himself of the process afforded by that court. Even if the end result is an order of summary dismissal under § 1915(g), the action will require a considerable amount of time and effort on the part of the district court and the court staff. The requirement that the full fees be paid for these actions-whatever their merit or disposition-will provide a prisoner with the incentive to consider carefully whether or not to submit a new action to the district court. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints-thus taking much valuable time away from other non-frivolous litigation-without any consequence beyond their mere dismissal under § 1915(g). The intent of the PLRA was to deter such litigation and it would be anomalous for a provision of that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant.

*In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

Within **30 days** of the entry of this Order, Plaintiff **SHALL** remit the full filing fee of four hundred dollars ($400.00) to the Clerk of Court. Plaintiff is cautioned that, should he fail to comply with this Order within the time specified, the full amount of the filing fee will be assessed against him and collected from his inmate trust account, and this action will be dismissed for want of prosecution.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE